UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY M. NICOMETO, et al.,

                Plaintiffs,

      v.

OTIS ELEVATOR COMPANY,

                Defendant.

DECISION & ORDER

04-CV-6590P

**PRELIMINARY STATEMENT**

        Plaintiffs Amy and Jeremy Nicometo initiated this lawsuit in New York State Court against defendant Otis Elevator Company. Upon defendant's motion, the matter was removed to this Court on November 30, 2004, pursuant to 28 U.S.C. § 1441(a). (Docket # 1). According to the Complaint, on May 18, 2003, Amy Nicometo was working at the Jewish Home of Rochester when the elevator she was riding in went into a free fall, causing her to sustain serious personal injuries and disabilities. Plaintiffs allege that the malfunction of the elevator resulted from defendant's negligent and improper maintenance of it. (Docket # 1, Ex. A).

        Pursuant to a discovery request by defendant, a psychiatric examination of Amy Nicometo was conducted by Mary Hartshorn, M.D., a licensed psychiatrist. Currently before this Court is defendant's motion to compel a second psychiatric examination by a different psychiatrist. (Docket # 20).

**DISCUSSION**

Rule 35 of the Federal Rules of Civil Procedure provides:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).  *See Schlagenhauf v. Holder*, 379 U.S. 104, 119-120 (1964) (Rule 35 requires affirmative showing that party's mental or physical condition is in controversy and that good cause exists for the examinations requested).

Here, Amy Nicometo was examined by Dr. Hartshorn (a psychiatrist selected by defendant) on July 26, 2006.  Prior to that examination, defendant requested various of Ms. Nicometo's medical records.  Although the vast majority of the documents were produced, certain documents were not provided prior to Dr. Hartshorn's examination.  During oral argument of this motion, defendant conceded that it was aware that certain documents had not yet been produced prior to Dr. Hartshorn's evaluation, but that it nevertheless elected to proceed with the examination.  No explanation was offered as to why defendant did not move to compel the documents prior to the examination or move to adjourn the examination until after the documents had been produced.

Now, having received and reviewed the missing records, defendant contends that a second psychiatric examination is necessary because Dr. Hartshorn "did not have at her disposal all appropriate and necessary records to fully complete her examination." (Docket #

18). Plaintiffs oppose the request, arguing that Dr. Hartshorn's report following the initial evaluation was "thorough and reasoned" and that the relatively few documents not originally produced contain information cumulative of that which was already produced. (Docket ## 23, 31). At a minimum, plaintiffs argue, Ms. Nicometo should not be subjected to an evaluation by another psychiatrist, but rather should be reevaluated by Dr. Hartshorn. (Docket # 31).

Plaintiffs do not dispute that Ms. Nicometo's mental condition is at issue in this case and that good cause existed for the initial psychiatric examination. The question remaining is whether defendant has demonstrated good cause sufficient to warrant a second psychiatric examination by a different psychiatrist. The plain language of Rule 35 does not impose any limitation upon the number of examinations that may be authorized; it does require, however, that any examination be supported by a showing of good cause. *See* Fed. R. Civ. P. 35(a). *See Schlagenhauf v. Holder*, 379 U.S. at 119-20. Indeed, courts have interpreted Rule 35 to confer discretion to the district court to permit a second examination under appropriate circumstances, such as where a substantial period of time has elapsed since the initial examination, where the party to be examined has experienced a change in his or her mental or physical condition since the original evaluation or where the initial examination was inadequate or incomplete. *See, e.g.*, *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994); *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Lewis v. Neighbors Constr. Co.*, 49 F.R.D. 308, 309 (W.D. Mo. 1969). *See also Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208-211 (5th Cir. 1990); *Mayer v. Illinois Northern Ry.*, 324 F.2d 154, 155-56 (7th Cir. 1963), *cert. denied*, 377 U.S. 907 (1964); *Doe v. District of Columbia*, 229 F.R.D. 24, 27 (D.D.C. 2005). In determining whether a second or successive examination is warranted, a court should endeavor to limit the number of

examinations authorized "to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information." *Moore v. Calavar Corp.*, 142 F.R.D. at 135 (quotation omitted). In the case at bar, defendant does not contend that a second examination is justified either by the lapse of time since the initial examination or by a perceived change in Ms. Nicometo's mental health since that time. Rather, defendant maintains that Dr. Hartshorn's written report is inadequate because she did not have all of the plaintiff's relevant medical records at the time she conducted the evaluation. Defendant further claims that Dr. Hartshorn's ability to be fair has been compromised by her original opinion, which was rendered on an incomplete record. (Docket ## 20, 29).

This Court has reviewed the written evaluation produced by Dr. Hartshorn (Docket # 23, Ex. A), as well as the additional records produced following that examination (Docket # 29-2). Although it appears from Dr. Hartshorn's report that some of the information in the recently-produced records relates to issues that she explored with the plaintiff in her initial examination, this Court is not qualified to determine whether Dr. Hartshorn would have conducted her evaluation differently, and possibly reached different opinions, had she been provided with the missing records prior to the examination. Considering that Ms. Nicometo is the plaintiff in this litigation and seeks substantial monetary compensation for damages allegedly caused by defendant, the significance of a different or modified opinion cannot be discounted. That said, nothing in the records exists to suggest that Dr. Hartshorn is not qualified or competent to reevaluate Ms. Nicometo's mental condition in light of the recently-produced records. Balancing Ms. Nicometo's right to privacy against the defendant's need for accurate information about her mental condition, *see Moore v. Calavar Corp.*, 142 F.R.D. at 135, I conclude that Dr.

Hartshorn should be provided the missing records for her review and consideration. Following review of the materials, if Dr. Hartshorn believes that she cannot fairly assess the additional records and the need for any possible reexamination of plaintiff, she may so advise the Court and an alternative, mutually-acceptable psychiatrist will be selected. If, however, Dr. Hartshorn believes that she may fairly and competently continue her evaluation of the plaintiff, then she shall supplement or amend her written report to reflect her consideration of the records at issue and any further examination of plaintiff that she determines is appropriate.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion to compel a second psychiatric examination of Amy Nicometo **(Docket # 20)** is **GRANTED in PART and DENIED in PART**. Within fourteen (14) days of the date of this Order, counsel for defendant shall provide Dr. Hartshorn for her review and consideration the records that she did not have at the time of the initial psychiatric examination. Within forty-five (45) days of the date of this Order, counsel for defendant shall produce to plaintiff's counsel a supplemental or revised written report in accordance with the requirements of Fed. R. Civ. P. 35(b).

**IT IS SO ORDERED.**

          *s/Marian W. Payson*
          MARIAN W. PAYSON
          United States Magistrate Judge

Dated: Rochester, New York
       December  12 , 2006

---

[1] This Order does not require Dr. Hartshorn to conduct any further examination of plaintiff if she determines that she may appropriately evaluate the information contained in the recently-produced records without the necessity of a further examination.